Salman Ranch v. William J. Salman Thank you, Your Honor. May it please the Court, Alan Poe appearing on behalf of the appellants, Salman Ranch Ltd. and William J. Salman. This appeal requires the Court to resolve a conflict between two decisions of the Court of Federal Claims. The conflict arises with respect to the question of whether an alleged overstatement of cost or basis in connection with a sale of property constitutes an omission from gross income. It gives the government an additional three years in which to assess federal income tax under section 6501E1A of the Internal Revenue Code. That is, we think, the significant and controlling issue in this case, although I do want to also address briefly the additional issue of whether the extension of the statute of limitations is not applicable in any case because of the disclosure of the transaction on the return of Salman Ranch Ltd. But with respect to the first issue, the trial court here failed to give effect to the critical word omits in the statute. This is in direct conflict with the Supreme Court's conclusion in Colony, Inc. v. Commissioner that the purpose underlying the statutory language was limited to giving the IRS the extended time in cases where, because of a taxpayer's omission to report some taxable item, the IRS is at a special disadvantage in detecting errors because the return on its face provides no clue to the existence of the omitted item. The Supreme Court in Colony specifically distinguished... Well, let me just ask you one question. This is really just kind of a fact question. I realize you hang your hat on Colony. You noted the policy concern, which I think is reflected in the statute in history. How is the kind of error that occurred here, again we have to assume for purposes of this discussion it was an error, how is that reflected on the return? The error, the understatement of basis. Yeah, the understatement of basis. In other words, how would the IRS, obviously if an item of income is left off, the IRS looking at the return has nowhere to tell. How is a possible error in basis apparent? I guess just from the fact that there's a reporting of what the base was and then the transaction and from that the IRS is put on notice? That's correct, Your Honor. In reporting a sale, whether it be a sale of inventory or a sale of assets used in a trade of businesses here, you have the gross selling price that is reported on the return and you have the basis or cost that is claimed by the taxpayer. Those are the two elements that are put on the return. By reporting the transaction, identifying the transaction and identifying it correctly and identifying the full amount of the gross receipts, which is what Colony did in the case that the Supreme Court reviewed, the taxpayer has in fact not omitted an item from its return. The actual basis is a result of maybe a number of calculations. Cost of goods sold can include many different calculations. Those are not required to and are not generally shown on a return and wouldn't have been in the Colony case. So what the court said in Colony is having reported the transaction, having identified the gross receipts from the transaction, that transaction therefore is not an omission on the return or an omission from gross income that serves the purpose intended by Congress in giving the IRS additional time. That reporting was... Let me try to understand you. Excuse me. Let me try to understand what you're saying in the context of this particular case. Because what we're really looking at here is a capital gains kind of situation, correct? It's a 1231 asset, but that's the effect, yes. And is it your contention that if you leave out some item in the basis, that nonetheless as long as you have set forth a basis, which you'd always have to do in order to essentially get your calculation for gross income, that that's enough? That then there is no omission because you have stated the basis? Well, you have stated the gross receipts. You have identified the sale or the transaction as the taxpayer in Colony did and as Salmon Ranch Limited did here. The sale of the ranch is clearly identified as a sale of a ranch, as a sale of a 1231 asset on the return. You also identified the basis that you are asserting. Right. That's all that's required to be on return. That would be all that Colony reported. In the Colony case, the court determined, actually I think the tax court determined, that one of the items that Colony had asserted as a part of its basis was clearly not allowable. Notwithstanding that, the court said an under, an overstatement of basis, even though it may affect the calculation of gross income, is not an omission from gross income within the meaning of the statute. The same words that continue to be in the statute today. So the court in that case basically said, and I think the analogy that the court may have been using was, if you overstated your deductions and got a higher value of taxable income or a higher amount of taxable income, or overstated other calculations, that was not what Congress was intending to address. Because there's no omission, it's an overstatement. Because there's no omission. Congress was intending to address, and the court in Colony looked extensively at the legislative history underlying the statute, and also looked at what the term omits means, both in a dictionary sense and in the context of that statute. And the court determined that what the Congress was concerned about was, in essence, a missing item. Something not on the return, so that the IRS would not know that the transaction existed, and would be at a special disadvantage, in the words of the court, in identifying that particular transaction. Here, as in Colony, there was no omission. The sale of the ranch is clearly shown on the return. In fact, the sale of the ranch is by far the largest single income item shown on the return. So even if you just picked up the return and glanced at it, it would be very clear that there was a sale of the ranch. And the amount of the proceeds resulting from the sale of the ranch are clearly shown on the return as well, as was the case in Colony. The taxpayer took a basis and continues to believe that it was entitled to take a basis. The IRS disagrees, as was the case in Colony. And the court in Colony said, that calculation, if you will, even though it has an impact on gross income, and the court in Colony acknowledged that the overstatement of basis would result in an understatement of gross income, even though there is an impact on gross income, that kind of an error is not what Congress was attempting to address in 275C of the old code, now in 6501E1A. How would you apply the 25% rule in this reasoning? I'm sorry.  The 25% rule was simply a measure that Congress chose to say, we want to identify what they referred to as significant omissions of gross income. This would have met the 25% threshold. This transaction? Yes. If there is an omission here, then it is the next question. It's a two-step process. First, you determine whether there is an omission. As we said, we don't believe there is. Once you get past the omission, then you have to calculate whether the omission, if it exists, does represent more than 25% of the gross income stated on the return. We do not believe that the transaction here would meet that test either, because of the addition of sub-sub-paragraph I in 6501E1A, which says in certain transactions, gross income means gross receipts. Since the entire gross receipts were reported, the fraction would be zero, basically. It would be 0% that was not reported. We don't believe that. We also don't believe the court has to get to that issue, because we believe that the controlling issue here is that there has been no omission, as Colleen defined that term, and we believe that Colleen is controlling in this case. Well, can you give me an example then in a capital gains type situation where you would ever have an omission, because you're going to have the sale price, you're going to have the basis, and if you're saying that both of those items are there, you'd pretty much have to have those in order to have any calculation at all. Where would the omission come in? Well, again, if the transaction is reported, and accurately reported in terms of the nature of the transaction on the return, and the entire gross receipts are reported, then under Colony, there would be no omission. Now, I could envision a situation hypothetically, and there's actually one of the cases, I forget which one, that had gross receipts reported, but it was mischaracterized. I believe it was described as gain from the sale of stock, when in fact it was a payment on an installment plan. And so in that case, the courts determined, because you have mischaracterized the nature of the transaction, you've omitted that transaction. You've placed the IRS at the same disadvantage. But where you have, in fact, reported the transaction, identified the total gross receipts, the teaching of Colony is that that is not an omission, because the item is on the return, the IRS has the usual three years in which to identify it, to ask questions about it, to follow up on it, and if it doesn't do so in that period of time, the court found that Congress didn't intend to then extend the statute by another three years, where the taxpayer has, in fact, identified and reported the transaction on the return. And how would subparagraph I apply to these circumstances? I mean, was this really a sale of property, really, or transfer, essentially, not in a trade or business as such? It wasn't trade or business qua trade or business, right? Well, the selling branch is certainly engaged in a trade or business. But it's not engaged in the business of transferring the property that was transferred here. That's correct. It wasn't in the business of selling branches. It was in the business of selling capital. However, the subparagraph that you're referring to, I, does not say only goods or services sold in the ordinary course of trade or business. It's kind of a term of art in the tax code that refers to inventory or sales of items held for resale. That's not what the subparagraph I refers to. Subparagraph I says, in the case of a trade or business, which we have here, and then defines gross income to mean gross receipts in the case of sales of goods or services. And the term goods or services, as we discussed in the brief, is not defined there. It's difficult to find a definition. As we put forth in the brief, we believe that the definition is broad enough to include the sales at issue here. It was not restricted to sales of inventory. And that was one of the significant errors that the trial court made, was basically in saying colony only applies to sales of inventory, and subparagraph I only applies to sales of inventory. I see that my time is up. Let's hear from the other side. I'm going to save your rebuttal time, Mr. Pope. Thank you. Ms. Oppenheimer. Thank you, Your Honor. There are currently pending in the courts of the United States 28 cases involving this issue, including this case. The total revenue impact is $670 million. With one exception, they are all son-of-boss cases, in which this case is, which is an attempt to artificially inflate the basis of assets in order to create an artificial loss or to reduce gain that would otherwise be realized. So what do you say was omitted? Excuse me? What are you saying was omitted under the statute? We're saying that capital gain was omitted by virtue of overstating the basis in the property that was sold. And it's our position also that Colony, first of all, supports our position in several respects. First of all, Colony was decided under the 1939 Revenue Code. The court itself, in several places, reflects the difference between the 39 Code and the 54 Code. It describes the 1939 Code as ambiguous. It describes the 1954 Code as unambiguous. It describes the question before it as resolved under the 1954 Code, but as still remaining of continuing administrative importance for the 1939 Code. So by those references, and then it describes its conclusion as in harmony with the unambiguous language of the 1954 Code. So if the conclusion is in harmony with the 1954 Code, it can only be in harmony with the addition of two provisions to the statute of limitations, namely the gross receipts provision for trader businesses and also the adequate disclosure provision. The definition of gross income in the preamble in the 54 Code, as opposed to 275 or whatever the section is, is the same as that earlier section, right? I mean, essentially what was added was subsection I and a couple of other paragraphs. That's correct. But when Congress defined gross income as gross receipts for purposes of trader business income from the sale of goods and services, obviously that could not mean the same thing in the preamble, or otherwise the section 6501E1AI would be superfluous, and there's a canon of construction that Congress has presumed to use no unnecessary words. But does subparagraph I apply to this kind of situation? No, it doesn't apply to this type of situation because this wasn't a sale of a business asset. This was a sale of a business asset, not the sale of goods or services. Their business was ranching, as the Appellant's counsel concedes, what they sold as cattle. This was a sale of a business asset, and frankly, if a sale of a business asset would be encompassed by subsection I, then you would totally read out the sale of goods and services because under the Appellant's construction, every single asset of a business is goods or services, regardless of whether it's actually something like a widget that's manufactured to sell customers, or it's a computer system used in the business, or the manufacturing plant that's used to make the widgets. Appellant's construction would make the whole subsection meaningless. Furthermore, the legislative history of the 1954 Code that supports our construction, the legislative history Congress said that it was going to redefine gross income in the case of trades or businesses. It also said that it was amending existing law. So if Congress redefines gross income in the case of a trade or business, obviously the definition of a trade or business, of gross income for purposes of a trade or business is different than it is for everything else, or Congress would have no need to redefine it. So it's our position that the 1954 Code substantially limits the impact of colony as the Court itself seemed to recognize in colony. Furthermore, colony is factually distinguishable not only because colony seems to involve basically a widget. In that case, the company was in the business of selling lots in the ordinary course of the business. So in that case, the lot was not a ranch used in the business. It was actually what they did. And furthermore, in that case, the development expenses that affected the basis were in fact reported on the return, unlike the case here where you have this short sale transaction that wasn't reported anywhere. So the fact that the development expenses... You say it wasn't reported anywhere? I thought that it was reported. Well, here we have these short sale transactions that it's our view in terms of adequate disclosure you look to the partner's return, but the partner's return doesn't disclose that a short sale was involved. They report a stock sale. They describe the date of acquisition as various, and they describe the date at which the short sale was closed. So you can't tell from that that in fact they sold the stock before they bought it. But they declared... I think there was a small profit on that. That was stated, was it not? That wasn't concealed? I'm trying to understand the reasoning. When I asked you before what was omitted, you said they didn't pay enough tax. I don't believe that the statute that says that you should not omit items of sale, goods and services and so on, is talking about the bottom line after you calculate whether or not enough items were declared. I'm trying to understand where you believe they should have reported the concept of using the short sale figure as the basis for the ultimate sale of the ranch. Well, it's our position that it should have been reported on the partner return, but even if this court considers the partnership return to be relevant, it should have been reported there. And it might make matters easier if I would explain what was going on here. Basically, they sold... I think we understand that that was all in the briefs. I'm trying to understand the technical application of colony and the statute and what you think should have been done. Should they, according to the government, have written a letter saying, look what I did to increase my basis? They should have included an attachment to the return which says the basis reflects proceeds of a short sale which were transferred to the partner. Is that required? Is there a regulation that says that you must include how you calculated the basis? Well, 6501E1AII requires for disclosure to be adequate, you have to include the nature and amount of the omitted item. The case of Brandon Ridge v. United States, which is one of the four cases on this issue, held that in order to adequately disclose the omitted, the overstated basis in the specific facts of short sale... Their position is that it was not overstated. Pardon? So their position is that it was not overstated, that this was a valid transaction and that's the basis. Well, that is a substantive position and if this court holds that the FPAO is timely, we will litigate whether they didn't... No, I want to know the government's position, not what you'll litigate. The government's position is that the basis was overstated, we have won this issue in every court that has been litigated. We have won the issue and specifically in the Court of Federal Claims in a case called Marriott v. United States. We understand that there are different opinions there, but let's talk about this case and what this taxpayer, in your view, was required to do. Our position of what he was required to do is to attach a statement to the return saying the basis of the property that was sold includes proceeds of a short sale that were transferred to the port partnership. It excludes the offsetting obligation to close the short sale because it is the taxpayer's position that the obligation to close the short sale is a contingent obligation under Section 752 of the Code and therefore it does not reduce the taxpayer's basis. If the taxpayer had done that, he would have provided us with adequate disclosure and a 3-year statute of limitations would be applicable. That essentially is what the district court said in the case of Brandon Ridge v. United States. We feel that that is what the partner should have done in this case or the partnership. What you have here is one partnership that closes the short sale that doesn't report anything having to do with the short sale. It doesn't disclose that it received the proceeds of the short sale. It doesn't report that it closed the short sale and it doesn't report anything pertaining to the short sale. Then we have a new salmon ranch partnership which sells the ranch and it doesn't give any explanation of how its basis in the ranch is computed. Then we have partners. Meanwhile, the partners are generally separated from the partnerships by this family limited partnership which now owns 92.5% of the interest in Salmon Ranch. So this intermediary of the family limited partnership further basically conceals from the IRS what was going on. Anyway, neither the family limited partnership or the individual partners report that the short sale positions were transferred to the partnership and they don't report how the basis in the sale of ranch of which they claim their proportionate share of the gain on the return. They don't claim how the basis was at all affected by the short sale transaction and it's not even apparent from the return that they were partners in a partnership because they're not required to attach a K-1 to their return. There are a number of returns in the record and it sounds to me as if you're saying that this disclosure would have needed to be appended to a number of these returns. Is that correct? If not, then which returns would have been the ones that would have provided the disclosure that you're saying should have been provided to avoid the statute of limitations problem? It's our position that the relevant return to which the statement should have been appended to is the partner's return because Section 6501A says for purposes of this chapter a return is the return of the particular taxpayer and not the return of any pass-through entity from which the taxpayer receives item of income creditor protection. The 1065? No, the 1040 is the individual return and so the 1040 is the individual return and it's our position. But the one that it should be appended to would be the 1065. Right. But regardless of whether this Court upholds our position on that or not, it wasn't attached to the 1065 either. It wasn't attached anywhere. Ms. Huffman, I just have one question. At the beginning of your argument, you said there were 28 cases pending. Now we know just from the briefing here we have, of course, this case from the Court of Federal Claims and there are other cases in the Court of Federal Claims and the various tax court decisions we've seen. But are there any regional circuit cases that have decided this? I know there's reference to this question in the First Circuit CC&F case, Western case, but are there any regional circuit cases that have decided the issue that's right before us today? No, it's pending before the Ninth Circuit in Bakersfield Energy. Okay. I was aware of that case had gone up, but there's no circuit decisions? None. So presumably this decision and the decision of the Ninth Circuit will be the First Circuit decisions squarely addressing this. That's correct, Your Honor. The issue is currently pending in a case that's within the jurisdiction of the Second Circuit, but the decision is not final. Hasn't gotten up to? Right. That's correct, Your Honor. Okay. Any more questions for Ms. Oppenheimer? Any more questions? No, there's one. Okay. Thank you, Ms. Oppenheimer. Thank you. Mr. Powell. Thank you, Your Honor. Just as a clarification, I think the reference from counsel to 28 pending cases actually doesn't relate to the statute of limitations issue. I think she was referring to the so-called son-of-a-boss case. As far as you know, do you agree with Ms. Oppenheimer that this case and the Bakersfield case, which is pending before the Ninth Circuit, are the only circuit court cases and that there's no circuit court decision out there? There is no circuit court decision directly on point on this issue. The grapevine imports case is also pending in this court. I believe it's been held in abeyance pending the briefing and decision here. And that case was from the Court of Federal Claims, and in that case the trial judge there took a different view from the trial judge here. But you agree with Ms. Oppenheimer on what kind of the present legal landscape is on this? Yes, I would. I just wanted to address a couple of points very quickly. One is, and I think we covered this in the brief, but the argument is made and was referred to by the trial court in the decision that sub-subparagraph I of section 6501E1A becomes superfluous under the analysis that we advance here. And that's simply not the case. The calculation of the 25% requires that you identify what is gross income, and that sub-subparagraph I defines gross income for that purpose, and we described that in the brief. So the entire argument that that would be rendered superfluous is simply not the case. Secondly, and I just mentioned this in passing, but the reference to the type of transaction that was involved here and the other cases that are pending, there are other statute of limitation extensions that apply. This one applies regardless of whether the taxpayer has been at fault or not. In other words, this one would apply across the board to all taxpayers. There are other statute of limitation extensions that apply in the case of fraud, and in fact apply in the case of certain specified types of tax shelters. That particular statute doesn't apply here because it took effect later. What I'd really like to focus on, though, in my remaining time is the concept that was advanced that Colony said that its decision, its conclusion, was in harmony with the new statute. And both the government in its argument and, I believe, the trial court here basically took that to mean that Colony was controlled by sub-subparagraph I. I think a better reading or a more plausible explanation is that Colony said, our conclusion is in harmony with all of the new provisions, in particular the adequate disclosure provision. In other words, Colony was saying the cause there was disclosure of the transaction in question, the sale and the gross receipts, then there is no omission, and that is consistent with the result that would be reached under 6501E1A. Thank you for your time. Okay. Thank you. Thank you both. Case is taken under submission. All rise.